# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

WOODROW NEAL, JR.                                                                           PETITIONER

v.                                       NO. 5:11CV00157 SWW/HDY

RAY HOBBS, Director of the                                                                 RESPONDENT
Arkansas Department of Correction

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge Susan Webber Wright.  Any party may serve and file written objections to these findings and recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

## DISPOSITION

STATE COURT PROCEEDINGS. In August of 1997, petitioner Woodrow Neal, Jr., ("Neal") pleaded guilty in St. Francis County, Arkansas, Circuit Court to battery in the first degree in CR-1997-202 and was sentenced to, inter alia, a suspended sentence. See Document 6, Exhibit 1 at 1. In August of 2001, his suspended sentence was revoked, and he was sentenced to 120 months in the custody of respondent Ray Hobbs ("Hobbs"). Neal did not appeal his initial sentence nor appeal any matter pertaining to the revocation of his suspended sentence. In addition, he never sought post-conviction relief. He did, however, file a motion to modify the sentence imposed following the revocation of his suspended sentence, but the record is silent as to the disposition of his motion.

Neal represents in the petition at bar that in November of 1998, he pleaded guilty in St. Francis County, Arkansas, Circuit Court to battery in the first degree in CR-1997-202 and theft of property in CR-1998-442. See Document 2 at 1-2. His petition contains the following representations about those charges:

1.  (a) Name and location of court that entered the judgment of conviction you are challenging: St. Francis County Courthouse, Forrest City, Arkansas.

    (b) Criminal docket or case number (if you know): AA-001 in CC AB-001.

2.  (a) Date of the judgment of conviction (if you know): 16 [November] 1998.

    (b) Date of sentencing: 16 [November] 1998.

3. <u>Length of sentence</u>: 5 year in CC 10 year, July 15, 2001.

…

5. <u>Identify all crimes of which you were convicted and sentence in this case</u>: AA-001, theft of property; and AB-001, battery [in the first degree], probation revocation.

6. (a) <u>What was your plea</u>? Guilty.

(b) <u>If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to</u>? On the count of theft of property: guilty; on the count of battery [in the first degree]: guilty.

…

8. <u>Did you appeal from the judgment of conviction</u>? Yes.

9. <u>If you did appeal, answer the following</u>:

(a) <u>Name of court</u>: St. Francis County.

(b) <u>Docket or case number</u>: CR-1998-442 in CC CR-1997-202.

(c) <u>Result</u>: 10 year in CC 1/3.

(d) <u>Date of result</u>: July 15, 2001.

…

(g) <u>Did you seek further review by a higher state court</u>? No.

<u>See</u> Document 2 at 1-3.

Assuming for the moment the accuracy of Neal's assertions, there is no evidence that he appealed the sentence imposed for his guilty pleas to battery in the first degree and theft of property or that he sought post-conviction relief.

FEDERAL COURT PROCEEDINGS. In December of 2001, Neal filed a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. See Neal v. Norris, 5:01CV00430 SWW. In the petition, he challenged the revocation of his suspended sentence in CR-1997-202 on the ground that the hearing to revoke his suspended sentence was held more than sixty days after his arrest on the revocation petition. The undersigned found no merit to Neal's assertion and recommended that his petition be dismissed. In April of 2002, United States District Judge Susan Webber Wright adopted the recommendation and dismissed Neal's petition. He did not appeal the adverse determination of his petition.

In June of 2011, Neal commenced the proceeding at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. In his petition, he failed to specifically identify the judgment of conviction he was challenging or offer any reason for vacating a judgment of conviction. In fact, the petition at bar is silent as to anything other than the representations he made concerning his convictions in CR-1997-202 and CR-1998-442.

Hobbs responded to Neal's petition by filing the pending motion to dismiss. Hobbs maintained that the petition should be dismissed because it is a second or successive petition and Neal did not obtain the permission of the Court to Appeals to file it.

Before giving serious consideration to Hobbs' assertion, the Court invited Neal to file a response in which he addressed Hobbs' assertion. Neal was given up to, and including, August 22, 2011, to file a response. That deadline has now come and gone without a response from Neal, and the undersigned now turns to address his petition and Hobbs' motion.

<u>THE JUDGMENT OF CONVICTION BEING CHALLENGED</u>. The undersigned begins by noting that there is some confusion as to the judgment of conviction being challenged by Neal. Hobbs believes it to be the judgment of conviction in CR-1997-202, and his belief is likely correct. It is possible, though, that Neal is challenging the judgment of conviction in CR-1998-442. Because it is not clear, alternative findings will be made.

<u>CR-1997-202</u>. The filing of a second or successive petition for writ of habeas corpus is governed by 28 U.S.C. 2244(b). It provides, in part, that before a second or successive petition can be filed, the petitioner shall "move in the appropriate court of appeals for an order authorizing the district court to consider the [petition]."

Neal challenged the revocation of his suspended sentence in CR-1997-202 in his first petition, that being, 5:01CV00430. He is challenging the same judgment of conviction in the petition at bar, and there is no evidence whatsoever that he obtained an order from the Court of Appeals authorizing the district court to consider his petition. Because the petition at bar is a second or successive petition, and he did not obtain the approval of the Court of Appeals before filing it, Hobbs' motion should be granted and Neal's petition should be dismissed.[1]

---

[1]

Two points are in order. First, there are exceptions to the rule requiring the approval of the Court of Appeals, <u>e.g.</u>, approval is not required when a prior petition is dismissed for failure to exhaust, or when a prior petition is dismissed as premature. The petition at bar does not satisfy any exception to the rule.

Second, in <u>Bates v. Norris</u>, 2006 WL 3741925 (E.D.Ark. December 18, 2006), United States District Court Judge William R. Wilson, Jr., chose not to dismiss a petitioner's second or successive petition but instead ordered that the petition be construed as a motion to proceed with a second or successive petition and be transferred to the Court of Appeals. Neal's petition should not be treated likewise as he did not offer any reason for vacating a judgment of conviction.

CR-1998-442. As the undersigned noted, it is possible that Neal is not challenging his guilty plea to, and the subsequent revocation of his suspended sentence for, battery in the first degree in CR-1997-202 but is instead challenging his guilty plea to theft of property in CR-1998-442. If that is indeed the case, then the petition at bar is not a second or successive petition as there is nothing to suggest that he has ever challenged the judgment of conviction in CR-1998-442 in a petition pursuant to 28 U.S.C. 2254. The only question is what disposition should now be made of the petition at bar.

The undersigned has had an opportunity to thoroughly review the petition at bar. As the undersigned has noted, Neal has offered no reason why the judgment of conviction in CR-1998-442 should be vacated. For that reason, his petition does not conform to the requirements of Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. Even had he offered a reason, the undersigned has serious concerns about whether the judgment of conviction in CR-1998-442 could be vacated at this time, given that he pleaded guilty to theft of property almost thirteen years ago, did not appeal the sentence he received, and does not appear to have ever sought post-conviction relief. When given the opportunity to provide some clarity regarding the events surrounding the filing of the petition at bar, Neal submitted nothing. On the basis of the foregoing, the undersigned recommends that Neal's petition be dismissed.

RECOMMENDATION. In the petition at bar, Neal is challenging the judgment of conviction in CR-1997-202. Because the petition is a second or successive petition, and he did not obtain the approval of the Court of Appeals before filing it, Hobbs' motion to

dismiss should be granted and the petition should be dismissed. All requested relief should be denied.

In the alternative, Neal is challenging the judgment of conviction in CR-1998-442 in the petition at bar. Because he has offered no reason why the judgment of conviction should be vacated, and because there are serious concerns about whether the judgment of conviction could be vacated at this time, the petition should be dismissed. All requested relief should be denied.

DATED this ___30___ day of August, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

.